**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Donald Clark Luger, | ) | Case No. 1:13-cr-092 |
| a/k/a Jody Luger, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant apparently requested a transcript of his June 3, 2013, detention hearing. On June 12, 2013, the court reporter filed the transcript with the Clerk's office, where is presently available for inspection only. In accordance with Judicial Council policy, the transcript will be available for inspection and copying in the Clerks office and for download from the Clerk' office's CM/ECF system and through the judiciary's PACER system on September 10, 2013.

On June 18, 2013, defendant filed a motion to seal the transcript of his detention hearing. On June 19, 2013, the government filed a response in opposition to the motion.

The right of public access to the courts is protected under the common law and the First Amendment to the United States Constitution. See Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982) (stating the public has a First Amendment right of access to criminal trials); U.S. v. Leonardo, 129 F.Supp. 2d 240, 243 (W.D.N.Y., 2001) (observing that circuit courts, including the Eighth Circuit, have extended the First Amendment right of access to many pretrial proceedings); United States ex rel. Pulitzer Publishing Co., 635 F.2d 676, 678 (8th Cir.1980) (granting a petition for a writ of mandamus seeking to prevent the district court from closing voire

1

dire examination of prospective jurors). "While the right of public access is not absolute, there must be a demonstration that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." Publicker v. Cohen, 733 F.2d 1059, 1069 (3d Cir.1984); see also Oregonian Publ'g Co. v. District Court, 920 F.2d 1482, 1465 (9th Cir.1990) ("Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents.... This presumed right can be overcome only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" (quoting Press–Enterprise v. Superior Court, 464 U.S. 501, 510 (1984)).

Defendant made no request to close the hearing and seal the record prior to or during the hearing. It is only now, after the detention hearing was held in open court and the record transcribed, that he asks the court to seal the transcript.

Defendant has not articulated any reasons in his motion why the transcript should be sealed. The hearing itself was open to the general public. During the hearing, the parties did not personally identify victims of any alleged misconduct. Finally, there is nothing now before the court suggesting that a failure to seal the record will irreparably damage defendant's right to a fair trial. Consequently, the court finds no compelling reason to order the transcript sealed at this time. Defendant's motion (Docket No. 17) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr. Magisrate Judge
United States District Court